# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 09-cv-01281-REB-KLM

KATHERINE ENGEN,

    Plaintiff,

v.

COLORADO MILLS MALL LIMITED PARTNERSHIP, an Indiana limited partnership,

    Defendant and Third Party Plaintiff,

v.

METCO LANDSCAPE, INC., a Colorado corporation,

    Third Party Defendant

## ORDER DENYING COLORADO MILLS MALL LIMITED PARTNERSHIP'S MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

The matter before me is defendant Colorado Mills Mall Limited Partnership's **Motion for Summary Judgment** [#54], filed April 14, 2010. I deny the motion.[1]

### I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED.R.CIV.P.** 56(c);

---

[1] Because my resolution of the motion for summary judgment moots consideration of plaintiff's concomitant motions to amend the complaint and file an amended pleading out of time, I will withdraw the reference of those motions to the magistrate judge, with her permission, and dispose of them accordingly.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. *Concrete Works*, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999).

### III. ANALYSIS

On November 29, 2008, plaintiff slipped and fell on an icy surface near an entrance to the Colorado Mills Mall in Lakewood, Colorado. As a result of the fall, plaintiff broke her left ankle in two places and sustained injuries to her face that required dental repair. She alleges that defendant "was negligent in its maintenance of the aforesaid premises by allowing an unreasonably dangerous and hazardous condition to

2

exist on said premises or, in the alternative, was negligent in its failure to maintain the aforesaid premises in a reasonably safe and usable condition for its invited patrons." (**Complaint** ¶ 9 at 2 [#1], filed June 2, 2009.)

Plaintiff alleged a single, undenominated claim for relief against defendant. Defendant maintains that plaintiff has pleaded solely a claim for negligence, which is preempted by the Colorado Premises Liability statute, §13–21-115(2) & (3)(c)(I), C.R.S. **See Lombard v. Colorado Outdoor Education Center, Inc.**, 187 P.3d 565, 574 (Colo. 2008); **Vigil v. Franklin**, 103 P.3d 322, 328 (Colo. 2004). Plaintiff does not contest this argument, but maintains that her complaint is sufficient under the liberal standard of Fed.R.Civ.P. 8(a) to assert a viable claim under the statute. I agree. Although plaintiff used the terms "negligence" and "negligent" in describing her claims, she also alleged facts sufficient to assert a claim under the premises liability statute. **See Lombard**, 187 P.3d at 568 (noting that elements of claim under statute are "(1) the landowner 'actually knew or should have known' of a danger on the premises and (2) his action or inaction constituted an 'unreasonable failure to exercise reasonable care' to protect the plaintiff from that danger") (quoting §13-21-115(3)(c)(I), C.R.S.). This is all Rule 8 requires.

"The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." **Conley v. Gibson**, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). Defendant cannot claim to have been prejudiced by plaintiff's failure to properly denominate her claim as

3

arising under the premises liability statute.  Stated differently, it cannot claim not to have had notice of the operative facts underlying plaintiff's claim, regardless of the legal theory pursuant to which they appropriately may be pursued.  "As a general rule, a plaintiff should not be prevented from pursuing a valid claim just because she did not set forth in the complaint a theory on which she could recover, provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits."  **Evans v. McDonald's Corp.**, 936 F.2d 1087, 1090-91 (10th Cir. 1991) (citation and internal quotation marks omitted).[2]  Defendant's hyper-technical argument is contrary to the spirit and letter of Rule 8(a) and cannot withstand scrutiny.

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant Colorado Mills Mall Limited Partnership's **Motion for Summary Judgment** [#54], filed April 14, 2010, is **DENIED**;

2. That, with the permission of the magistrate judge, the order of reference [#64], filed May 5, 2010, as to plaintiff's **Motion To Amend the Scheduling Order Pursuant to F.R.C.P. 16(b)(4)** [#62], filed May 5, 2010, and **Plaintiff's Motion for Leave To File an Amended Complaint Pursuant to F.R.C.P. 15(a)(2)** [#63], filed May 5, 2010, is **WITHDRAWN**;

3. That plaintiff's **Motion To Amend the Scheduling Order Pursuant to F.R.C.P. 16(b)(4)** [#62], filed May 5, 2010, is **DENIED AS MOOT**; and

---

[2] Moreover, unlike the plaintiff in **Evans**, plaintiff here does not attempt to change the theory of her case, but simply to assert the same claim under the correct legal rubric.

4

4. That **Plaintiff's Motion for Leave To File an Amended Complaint Pursuant to F.R.C.P. 15(a)(2)** [#63], filed May 5, 2010, is **DENIED AS MOOT**.

Dated May 20, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge