# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 09-cv-01281-REB-KLM

KATHERINE ENGEN,

    Plaintiff,

v.

COLORADO MILLS MALL LIMITED PARTNERSHIP, an Indiana limited partnership,

    Defendant and Third Party Plaintiff,

v.

METCO LANDSCAPE, INC., a Colorado corporation,

    Third Party Defendant

## ORDER GRANTING MOTION TO BIFURCATE

**Blackburn, J.**

    The matter before me is plaintiff's **Motion To Bifurcate** [#45], filed February 23, 2010. I grant the motion.

    Pursuant to Fed.R.Civ.P. 42(b), I may order a separate trial of any claim to avoid prejudice, or to further convenience or economy, always preserving inviolate the parties' Seventh Amendment right to trial by jury. "The district courts have broad discretion in deciding whether to sever issues for trial and the exercise of that discretion will be set aside only if clearly abused." ***Green Construction Co. v. Kansas Power & Light Co.***, 1 F.3d 1005, 1011 (10th Cir. 1993) (internal quotation and citation omitted). Bifurcation of damages issues from liability issues is appropriate when

> (1) [the] issues are substantially separate and distinct; (2) bifurcation reduces the burden of preparation for trial on

> damage issues if such a determination proves unnecessary; (3) separate determination of liability may resolve various issues frustrating settlement of the cases and prevent the need for damage trials; and (4) bifurcation permits the efficient consolidation of identical issues for resolution at one time.

***In re Air Crash Disaster at Stapleton International Airport, Denver, Colorado, on Nov. 15, 1987***, 720 F.Supp. 1455, 1459 (D. Colo. 1988).  Nevertheless, bifurcation is the exception, not the rule.  **FED.R.CIV.P.** 42(b), Advisory Committee Notes (noting that "separation of issues for trial is not to be routinely ordered").  "[T]he presumption is that the [non-movant], in a typical case, should be allowed to present her case in the order she chooses.  The burden is on the [movant] to convince the court that a separate trial is proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience to all parties." ***Patten v. Lederle Laboratories***, 676 F.Supp. 233, 238 (D. Utah 1987) (citation and internal quotation marks omitted).

I find and conclude that plaintiff has met that burden here.  Plaintiff seeks to bifurcate her tort claims from the contractual indemnity claims defendant has asserted against the third-party defendant.[1]  Asking the jury to simultaneously consider the discrete factual issues implicated by these two related, but "clearly separable" claims, will unnecessarily complicate and potentially confuse the threshold determination of premises liability in this case.  ***Angelo v. Armstrong World Industries, Inc.***, 11 F.3d 957, 964 (10th Cir. 1993); ***see also Magazzu v. Volmar Services, Inc.***, 2009 WL 5194396 at *7 (D.N.J. Dec. 21, 2009) (slip op.).  Moreover, depending on the jury's

---

[1] Of course, this conclusion assumes that such contractual claims will be appropriate for resolution by a jury.  Although the third-party defendant's motion for summary judgment is not yet ripe, its determination may render submission to a jury moot.

verdict, the indemnification claim may evanesce. *Magazzu*, 2009 WL 5194396 at *8.

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's **Motion To Bifurcate** [#45], filed February 23, 2010, is **GRANTED**;

2. That only plaintiff's claims against defendant, Colorado Mills Mall Limited Partnership, **SHALL BE TRIED** during the initial trial of this case, which is currently scheduled to commence on Monday, June 21, 2010, and

3. That the court **SHALL SCHEDULE** a trial of defendant's third-party claims, if necessary, after the jury returns its verdict in the trial set to commence June 21, 2010.

Dated May 28, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge